**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBERT D. HAUGHIE                          *

        Plaintiff                          *

    v.                                          *          Civil Action No. AW-12-cv-2845

KATHLEEN GREEN, et al.                     *

        Defendants                        *
                              ***

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment.  ECF No. 8.  Also pending are two Motions for Preliminary Injunction filed by Plaintiff.  ECF No. 6 and 10.  The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow Defendants' motion, construed as a Motion to Dismiss, shall be granted.

### Background

Plaintiff Robert Haughie ("Haughie") alleges that Warden Kathleen Green placed a bulletin on a board at Eastern Correctional Institution (ECI) where Haughie is incarcerated announcing her decision to keep all legal mail envelopes.  The announcement stated that a large amount of contraband was entering the institution through use of legal mail.  Haughie claims he filed an administrative remedy procedure (ARP) regarding the announcement and alleged that any confiscation of legal envelopes required the issuance of a withholding form for the item being withheld.  Haughie further claims that the policy applies only to legal envelopes.  He seeks $15,000 in punitive damages for "tampering with the legal mail" and an equal amount in compensatory damages for "the act of refusing to provide proper due process of law prior to confiscating any portion" of his legal mail.  ECF No. 1 at p. 3.

Defendants allege that Haughie has not filed an ARP regarding the confiscation of his legal mail envelopes. ECF No. 8 at Ex. 1. Additionally, they state that the policy allows for the inmates to obtain a copy of the envelope if they so request. The policy at issue is as follows:

> Only the contents of the legal mail will be issued to the inmate. The envelope, any packing material, labeling material, filler, or padding materials will not be issued to the addressee. Staff will issue a copy of the envelope to the inmate upon request.

ECF No. 8 at Ex. 2 (ECI Directive 250.001.1).

Haughie has refused to accept legal mail coming from this Court during the litigation of this case. *See* ECF Nos. 7 and 11. He has instead filed two Motions for Preliminary Injunction seeking an Order from this Court forcing the end of the aforementioned policy until such time that Defendants can prove that contraband is entering the institution through use of legal mail.[1] ECF No. 6 and 10.

## Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513

---

[1] Additionally Haughie has filed a courtesy copy of a Petition for Extraordinary Writ he has apparently filed with the United States Supreme Court seeking to have the undersigned recused from all cases he files with this Court due to an alleged bias against him. ECF No. 12.

(2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).   Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964.   Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.   Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 197.

## Exhaustion

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general condition of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).   Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).   A claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this Court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner,
> through no fault of his own, was prevented from availing himself of it. *See*
> *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007); *Kaba v.*
> *Stepp*, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust
> all available remedies simply by failing to follow the required steps so that
> remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548
> U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner
> must have utilized all available remedies "in accordance with the applicable
> procedural rules," so that prison officials have been given an opportunity to
> address the claims administratively. *Id*. at 87. Having done that, a prisoner has
> exhausted his available remedies, even if prison employees do not respond. *See*
> *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4ᵗʰ Cir. 2008).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md.2003).  The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir.2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

4

Although Haughie has not directly responded to Defendants' assertion that he has failed to exhaust administrative remedies, he submitted a copy of an ARP and an appeal to the Commissioner of Correction with his Complaint and alleges he never received a response.  ECF No. 1.  In addition, he alleges there is no mechanism in place for providing confiscation forms for the legal mail envelopes withheld by prison officials, making a challenge to the practice more difficult.  *Id.*  Whether the administrative remedy procedure was available to Haughie for purposes of this issue is therefore unclear and the merits of the claims shall be addressed below.

### Access to Courts

Prisoners have a constitutionally protected right of access to the courts.  *Bounds v. Smith*, 430 U. S. 817, 821 (1977).  However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'  *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355.  "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Haughie cannot establish an actual injury suffered as a result of the challenged policy. Possession of a legal mail envelope may become important in the context of important litigation where proof of the date it was mailed as compared to the date it was received by the inmate must be established for filing deadline issues.[2]  In this case, however, the policy allows for inmates to have a copy of the envelope which presumably depicts the postmark date.  Additionally, Haughie has not alleged that he was unable to present a viable claim regarding the validity of his conviction or the conditions of his confinement because of the policy.  Absent actual injury, Haughie's claim must be dismissed.

## Injunctive Relief

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008).  To obtain a preliminary injunction, a movant must demonstrate:  1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Haughie's Motions for Preliminary Injunction seek to force Defendants to prove the premise of their policy regarding confiscation of legal mail envelopes.  ECF No. 6 and 10.  It is not the province of this Court to micromanage prisons.  Haughie's demand for a full explanation

---

[2] *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

of events leading up to the policy is simply not information to which he is entitled.  His motions fail to establish he is likely to succeed on the merits of his claim or that he is likely to suffer irreparable harm if the relief sought is not granted.  There is no evidence that a copy of legal mail envelopes would not serve the same purpose as possessing the actual envelope.  Thus, Haughie's motions shall be denied.

### Conclusion

Because the complaint must be dismissed for failure to state a claim upon which relief may be granted, Haughie will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).   This case marks the second occasion Haughie has filed a Complaint that fails to state a claim upon which relief may be granted. [3]

A separate Order follows.

Date: <u>February 5, 2013</u>                              <u>            /s/            </u>
                                                                    Alexander Williams, Jr.
                                                                    United States District Judge

---

[3] *See Haughie v. Kathleen Green*, AW-12-2725 (D. Md.) (dismissed for failure to state a claim).